IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOHN C. LAKE and SHARON R. LAKE, )
)
        Plaintiff, )
)
vs. ) Case No. 13-0369-CV-W-ODS
)
CHASE MANHATTAN MORTGAGE )
CORPORATION, et al., )
)
        Defendants. )

## ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiffs, acting pro se, filed this suit in state court on February 4, 2013. Defendants removed the suit to federal court, alleging there is diversity of citizenship and more than $75,000 in controversy. One of the Defendants – Millsap & Singer P.C. – is a citizen of Missouri, but Defendants contend its citizenship should be disregarded because it was fraudulently joined. The Court disagrees.

Federal courts have an independent obligation to evaluate their jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking removal bears the burden of proving subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 182 (8th Cir. 1993). Federal district courts are "required to resolve all doubts about federal jurisdiction in favor of remand." *Id.*

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). In analyzing fraudulent joinder, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. So long as there is at least a "colorable" state law cause of action against the diversity-defeating defendant, joinder is not fraudulent. *Id.* at 810. In questionable areas of state law, "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the

state courts to decide." *Id.* at 811 (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

Millsap & Singer is named as a defendant in Count III, which alleges claims for malicious prosecution and breach of fiduciary duty.  These are legally recognizable claims.  Defendants contend Millsap & Singer has been fraudulently joined because Plaintiffs did not allege any facts to support these claims.  Keeping in mind Plaintiffs filed this suit in state court, the real question is whether their pleadings are so clearly deficient and unsalvageable under state law that the state court would unquestionably hold Plaintiffs have no claims against Millsap & Singer.  The Court cannot reach this conclusion.  Application of state law is primarily the responsibility of state courts.  Moreover, given their pro se status and the fact that amendments to pleadings are generously granted, it is entirely possible that Plaintiffs can amend their pleadings to state a colorable claim.

The Court cannot conclude the high hurdle required for declaring a party has been fraudulent joined has been met.   The Court lacks jurisdiction in this matter, so the case is remanded to state court.

IT IS SO ORDERED.


DATE:  April 16, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT